Jaswinder Kaur **SIDHU**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–70152.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ—U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Petitioner Jaswinder Kaur Sidhu seeks review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her petition for asylum, withholding of removal and relief under the Convention Against Torture. The parties are familiar with the facts and we do not repeat them here.

### I

To be eligible for asylum, an alien must demonstrate by clear and convincing evidence that "the application has been filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). No court has jurisdiction to review a determination by the Attorney General under this section. § 1158(a)(3). The IJ determined that Sidhu failed to present clear and convincing evidence that her application was timely; the BIA expressly found that the IJ had correctly determined that Sidhu's application was time barred. We lack jurisdiction to review this determination. *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

### II

The IJ's determination that Sidhu was not credible is supported by substantial evidence. The IJ based the adverse credibility determination on her finding that Sidhu was "completely unresponsive" when questioned about the details of her political activities and arrest and this finding is borne out in the record. An alien's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

lack of specificity when testifying can support an IJ's adverse credibility determination. *Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999). The IJ also pointed to Sidhu's demeanor while testifying and her failure to provide reliable corroboration of her claims. We accord special deference to an adverse credibility determination based on demeanor, *id.* at 1151, and when an alien's credibility is in question, an IJ is permitted to consider the strength or weakness of the corroborating evidence provided. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Because the IJ's adverse credibility determination is supported by substantial evidence, we are obliged to uphold it. *Id.*

### III

To qualify for withholding of removal, an alien must demonstrate there is a clear probability that, if removed to the proposed country, she will be persecuted on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To qualify for relief under the Convention Against Torture, Sidhu must prove she would more likely than not be tortured if removed to the proposed country. 8 C.F.R. § 208.16(c)(2). Discounting her discredited testimony, Sidhu has shown neither.

**PETITION DENIED.**